UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CARL AASNES § § § Plaintiff, § § Case No.: v. § § CHEVRON USA, INC., and § CHEVRON CORPORATION § § TRIAL BY JURY DEMANDED Defendant. § | |

### ORIGINAL COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Carl Aasnes, Plaintiff, through undersigned counsel, complains of Chevron USA, Inc. and Chevron Corporation (collectively "Chevron") and files this Original Complaint showing the Court as follows:

### INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this Complaint and complains of discrimination on the basis of age under the Age Discrimination in Employment Act.

3. Plaintiff files this Complaint and complains of discrimination based on his sex and national origin under Title VII of the Civil Rights Act of 1964, as amended, as well as unlawful retaliation.

4. This action seeks compensatory and punitive damages, lost wages (past, present, and future), injunctive relief, attorney's fees, taxable court costs, pre-judgment and post-judgment interest.

### PARTIES

1

5. Plaintiff Carl Aasnes is a resident of Fulshear, Texas.

6. Defendant Chevron USA. Inc. is a corporation authorized to do business in the state of Texas and process may be served by mail or in person on its registered agent, Prentice-Hall Corp. System, Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7. Defendant Chevron Corporation is corporation incorporated in Delaware with its principal place of business located at 6001 Bollinger Canyon Road, San Ramon, California 94583. Defendant Chevron

**VENUE**

8. Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division, because a substantial part of the events or omissions giving rise to the claim occurred here as required under 28 U.S.C. §1391.

**JURISDICTION**

9. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction), under the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964 ("Title VII").

10. The unlawful employment practices were committed within the jurisdiction of this Court.

**PROCEDURAL PREREQUISITES**

11. All conditions precedent to the filing of this action have been met by Plaintiff. Plaintiff filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") on September 10, 2018.

12. The EEOC issued a Notice of Right to Sue letter from said agency on April 5, 2019, entitling him to file suit on his claim of discrimination based on age.

13. The filing of this lawsuit has been filed within ninety (90) days of Plaintiff's receipt of

the Notice of Right to Sue letter from the EEOC.

## FACTS

14. At the time of Plaintiff's termination, he was 59 years old.

15. Plaintiff is a male, U.S. Citizen originally from Norway.

16. Plaintiff was hired by Chevron in 2010.

17. At the time of his termination, Plaintiff served as a Quality Control Manager in Kazakhstan

18. At the time of his termination, Aasnes was fully qualified for his position.

19. Plaintiff rotated between the United States and Kazakhstan while he served as a Quality Control Manager.

20. In the Spring of 2015, Cindy Fang, a co-worker of Plaintiff, called the internal Chevron hotline to report Plaintiff for harassment.

21. During the investigation, Cindy Fang admitted that that her call to HR was unjustified.

22. Nevertheless, Chevron disciplined Aasnes by adding a "Record of Discussion" to his personnel file and ordering Aasnes to retake Chevron's anti-harassment training.

23. In March 2018, Aasnes began investigating a female Kazakh contractor (hereinafter "Contractor") due to her failure to perform her duties satisfactorily and for concealing information from management.

24. This review of Contractor performance was well within Aasnes' job duties.

25. During the review of the Contractor's performance, Aasnes uncovered evidence that the contractor had sexually harassed male Chevron employees and bullied other Chevron employees, in addition to concealing information.

26. Aasnes reported this information to a HR Resource Coordinator via email, in

accordance with Chevron's policies.

27. Aasnes told HR that the Contractor should not return to work after the completion of her leave, due to her sexual harassment of male co-workers, as well as the Contractor's incompetence and record of untruths.

28. Aasnes participated in the investigation of this complaint conducted by Amanda Thomas, a HR business partner.

29. Aasnes told Amanda Thomas about the Contractor's performance issues, her issues with truthfulness and other related information, but did not discuss the Contractor's "sex life."

30. Aasnes internally recommended that the Contractor be fired, but Aasnes never contacted the Contractor's employer regarding the Contractor's performance or sexual harassment.

31. Despite Aasnes' attempts to protect his co-workers and protect Chevron, Chevron repatriated Aasnes to the United States in May 2018.

32. Upon repatriation to Houston, Aasnes was terminated for an alleged "continued demonstration of inappropriate behaviors not aligned with Chevron's We Lead expectations." Chevron noted both the 2015 incident involving Cindy Fang and the 2018 incident involving the Contractor as reasons for Aasnes' termination.

33. Aasnes was terminated effective May 22, 2018 as "no opportunity exist[ed] to place the employee within the organization" due to headcount restrictions.

34. Aasnes informed of his termination by Gary Fischer, a General Manager for Chevron via telephone.

35. However, during his employment, Aasnes witnessed Chevron engaging in a pattern of

terminating similarly situated employees of non-US national origin and replacing them with non-qualified replacements. For example, Mohan Sharma, a male manager over the age of 40 originally from India was terminated between 2014 and 2015. Further, Federico Lopez, a male manager of non-US origin and over the age of 40 was terminated in 2016.

## COUNT I:

## DISCRIMINATION ON THE BASIS OF AGE UNDER ADEA

36. Plaintiff re-alleges and incorporates into count one, paragraphs 1-35.

37. Defendants, by and through their agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by the ADEA, as amended.

38. Defendants, by and through their agents, have maintained a policy of age discrimination, and unlawfully terminated Plaintiff in violation of the foregoing statute.

39. If Plaintiff was not over 40, he would not have been terminated.

## COUNT II:

## DISCRIMINATION BASED ON NATIONAL ORIGIN UNDER TITLE VII

40. Plaintiff re-alleges and incorporates into count two, paragraphs 1-35.

41. Defendants, by and through their agents and employees, especially Gary Fischer and Amanda Thomas, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII, as amended, and directly discriminated against Plaintiff and other employees of foreign origin because of their national origin, by harassing them due to their national origin and then by firing Plaintiff and others due to their national origin.

42. Defendants, by and through their agents, especially Gary Fischer and Amanda Thomas, have maintained a policy of national origin discrimination in violation of the foregoing statute against Plaintiff.

43. If Plaintiff were not of non-American origin, he would not have been harassed, treated poorly, and unlawfully discharged.

## COUNT III:

### DISCRIMINATION BASED ON SEX UNDER TITLE VII

44. Plaintiff re-alleges and incorporates into count two, paragraphs 1-35.

45. Defendants, by and through their agents and employees, especially Gary Fischer and Amanda Thomas, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII, as amended, and directly discriminated against Plaintiff and other male employees because of their sex, by harassing them due to sex and then by firing Plaintiff and others due to their sex.

46. Defendants, by and through their agents, especially Gary Fischer and Amanda Thomas, have maintained a policy of sex discrimination in violation of the foregoing statute against Plaintiff.

47. If Plaintiff were not male, he would not have been harassed, treated poorly, and unlawfully discharged.

## COUNT IV:

### TERMINATION ON THE BASIS OF RETALIATION

48. Plaintiff re-alleges and incorporates into count two paragraphs 1-35.

49. Defendants, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII, because of its retaliation for complaints of sexual harassment as described above.

50. Defendants, acting by and through its employees, maintained a policy of retaliation, in violation of the foregoing statutes against Plaintiff.

51. If Plaintiff had not complained of sex harassment and participated in a sex harassment investigation, he would not have been terminated.

## DAMAGES

52. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future.

## EXEMPLARY AND LIQUIDATED DAMAGES

53. Defendants' actions were intentional, willful, harsh, oppressive, and malicious. The wrongs done by the Defendants were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations. Plaintiff also seeks liquidated damages under the ADEA.

## ATTORNEY'S FEES

54. Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of COANE AND ASSOCIATES, PLLC, in order to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## JURY DEMAND

55. Plaintiff hereby makes his demand for a jury trial.

### INJUNCTIVE RELIEF

56. Plaintiff seeks injunctive relief requiring Defendants to take affirmative and effective steps to remove and otherwise discipline managers who have failed to comply with the ADEA, Title VII, and who violate Federal statutory protection against discrimination.

57. Plaintiff seeks injunctive relief requiring Defendants to take specific actions designed, implemented, and confirmed by qualified non-government consultants to ensure that all supervisory employees are adequately trained to identify, investigate, and stop situations and complaints. Such specific actions include, but are not limited to:

   i. allocation of significant funding and trained staff to implement all changes within two years;

   ii. discipline managers who have violated the companies' policies and failed to meet their legal responsibility to promptly investigate complaints and to take effective action to stop and deter prohibited personnel practices against employees;

   iii. establishing and strictly measuring EEO compliance as a critical element in every manager's performance standards;

   iv. creating a process for the prompt investigation of harassment and reprisal complaints separate from the agency's process;

   v. mandatory and effective training for all employees and managers on discrimination and retaliation issues, investigations and appropriate corrective actions; and reinstatement of Plaintiff.

### PRAYER

58. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

a. Back Pay;

b. Pre-Judgment Interest on Back Pay;

c. Front Pay or reinstatement;

d. Compensatory Damages, including but not limited to emotional distress;

e. Punitive Damages;

f. Liquidated damages;

g. Injunctive and Affirmative Relief;

h. Attorney's Fees and Costs;

i. Such other and further relief, at law or in equity, general or special to which Plaintiff may show he is justly entitled.

Dated: July 5, 2019

Respectfully submitted,

**COANE AND ASSOCIATES, PLLC**

/s/Bruce Coane
Bruce A. Coane, Attorney-in-Charge
S.D. Tex. #7205
TX Bar #04423600
Email: bruce.coane@gmail.com
Matthew P. Swiger
S.D. Tex. #24088495
TX Bar #2276929
Email: matt.swiger@coane.com
Coane and Associates, PLLC
5177 Richmond Ave., Suite 770
Houston, TX 77056
Telephone: 713-850-0066
Facsimile: 713-850-8528

***ATTORNEYS FOR PLAINTIFF***